UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHARTER OAK FIRE INSURANCE COMPANY,**

Plaintiff,

-vs-                                                                 Case No. 6:05-cv-1080-Orl-28JGG

**KOMATSU AMERICA CORP., E.R. JAHNA INDUSTRIES, INC., ,**

Defendants.

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| MOTION: | MOTION OF ANTHONY R. HALLMAN AND MARGUERITA J. HALLMAN TO INTERVENE AS PLAINTIFFS (Doc. No. 40) |
| FILED: | November 8, 2005 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

I. **BACKGROUND**

This action was filed in state court by Charter Oak Fire Insurance Company as subrogee of Linder Industrial Machinery and Anthony R. Hallman. Hallman was injured on the job, allegedly due to Defendants' negligence and/or defective product. Charter Oak seeks to recover damages from Defendants for medical and indemnity benefits that Charter Oak paid to Hallman or on behalf of Hallman as a result of Hallman's workers' compensation covered injury. Defendants subsequently removed the case to this Court based solely on diversity jurisdiction. Hallman moves to intervene as

a plaintiff to bring his own negligence and defective product claims against Defendants; Hallman's wife seeks to sue for loss of consortium.

The Hallmans' motion to intervene states that they both reside in Polk County, Florida. The proposed complaint attached to their motion does not allege a basis for subject matter jurisdiction, and it does not contain a claim based on a federal question. The Hallmans argue that intervention is proper because their claims involve common questions of law or fact regarding liability and damages.

II. **THE LAW**

The district courts of the United States are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). For example, Congress has conferred on the district courts original jurisdiction in civil actions between citizens of different states so long as the case exceeds a threshold amount, currently $75,000. 28 U.S.C. 1332(a).

Once a district court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy. 28 U.S.C. 1367(a); *see Exxon Mobil Corp. v. Allapattah Services, Inc.*, ___ U.S. ___, 125 S.Ct. 2611, 2617, 162 L.Ed.2d 502 (2005). Section 1367(a) provides, in relevant part:

> *Except as provided in subsections (b)* and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

(*emphasis added*).

As stated, there are exceptions to the broad grant of supplemental jurisdiction which are in part, set out in 28 U.S.C. 1367(b):

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts *shall not have supplemental jurisdiction* under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by person proposed to be joined as plaintiffs under Rule 19 of such rules, *or seeking to intervene as plaintiffs under Rule 24* of such rules, *when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.*

(*emphasis added*).

III. **ANALYSIS**

Although the Hallmans do not identify the rule supporting their intervention motion, by stating their claims involve common questions of law or fact, it is clear that the motion is brought pursuant to Fed. R. Civ. P. 24(b).[1] As discussed below, the Court lacks supplemental jurisdiction over the Hallmans' complaint because their intervention would be inconsistent with the jurisdictional requirements of section 1332.

The Court has subject matter jurisdiction when all parties to the action are "citizens" of different states. 28 U.S.C. § 1332(a). One of the defendants, E.R. Jahna Industries, Inc., is a Florida corporation with its principle place of business in Florida. E.R. Jahna Industries, therefore, is a

---

[1] Subdivision (b) of Rule 24 reads: Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) *when an applicant's claim or defense and the main action have a question of law or fact in common*. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. (Emphasis added.)

Florida "citizen." 28 U.S.C. § 1332(c). The Hallmans also are Florida citizens.[2] If the Hallmans were allowed to intervene, complete diversity among the parties would be destroyed.

Allowing the Hallmans to intervene, therefore, would be inconsistent with the jurisdictional requirements of section 1332. *See Sunpoint Sec., Inc. v. Porta*, 192 F.R.D. 716, 717-18 (M.D. Fla. 2000) ("the court cannot exercise supplemental jurisdiction over a nondiverse party if he seeks to intervene as a plaintiff under Rule 24 in a claim based solely on diversity"). The motion to intervene must be denied.

**DONE** and **ORDERED** in Orlando, Florida on November 30, 2005.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

---

[2] "Citizenship" is equivalent to "domicile" for purposes of diversity jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). A person's domicile "is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58.